UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAL DILLON,

                      Plaintiff,

– against –

NED MANAGEMENT, INC., JACOB
FREIDMAN *individually*, ERIC VAINER
*individually*, POLINA VAINER *individually*,
JOE MILLIGIAN *individually*,

                      Defendants.

**ORDER**

13-CV-2622



**JACK B. WEINSTEIN, Senior United States District Judge:**

Plaintiff brings claims of gender discrimination, sexual harassment, and hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 78 Stat. 253, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"); New York State Human Rights Law, N.Y. Exec. Law § 296 ("NYSHRL"); and New York City Human Rights Law, N.Y.C. Admin. Code § 8–107 ("NYCHRL").

The corporate defendant moves for judgment on the First Claim for Relief—alleging discrimination, sexual harassment, and hostile work environment in violation of Title VII. *See* Fed. R. Civ. P. 12(c). The motion is denied.

**I.    Facts**

The following statement of facts is based on allegations in the complaint as orally amended at the January 29, 2013 hearing. Compl., ECF No. 1; Oral Mot. to Amend Compl., ECF No. 38; Hr'g Tr. 10-14.

Three incidents of harassment by defendant Jacob Friedman, manager and step-father to the owner of NED Management, serve as the basis of plaintiff's hostile work environment claim.

1



Compl. ¶¶ 23-25; Hr'g Tr. 3-5; 6-7. The first occurred around August 17, 2012, when Jacob referred to plaintiff's breasts. *Id.* ¶ 23. The second was a few days later, when Jacob alluded to paying her for sexual favors. *Id.* ¶ 24. The third was on October 1, 2012 when he "touched" her buttock. *Id.*

Shortly after the third incident, plaintiff complained to a corporate manager, Joe Milligan. *Id.* ¶ 26. Milligan reported it to Eric Vainer who informed Polina Vainer. Compl. ¶ 27-28, 34. NED Management is a family business owned entirely by Eric Vainer. Hr'g Tr. 3:17-4:3, 4:17-20, 7:14-15. Polina Vainer is a manager and supervisor. Hr'g Tr. 7:14-15. She is also Eric Vainer's mother and Jacob Friedman's wife. Compl. ¶¶ 13-14; Hr'g Tr. 3:17-4:14, 5:4-11.

NED Management did nothing to investigate. Instead, it retaliated by docking plaintiff's pay for the day she complained and for a second day later that month. *Id.* ¶¶ 29-36. When plaintiff inquired about her complaint, she was called a "trouble maker" and a "liar," and told that the incident "did not happen." *Id.* ¶¶ 40-41.

Plaintiff was eventually fired.

## II. Rule 12(c) Standard for Judgment on the Pleadings

On a Rule 12(c) motion for judgment on the pleadings, "the same standards that are employed for dismissing a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) are applicable." *Ad–Hoc Comm. v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir. 1987) (citations omitted). All factual allegations contained in the complaint are assumed to be true and all reasonable inferences are drawn in favor of the nonmoving party. *See Patel v. Searles*, 305 F.3d 130, 135 (2d Cir. 2002) (internal quotations omitted). A complaint may not be dismissed on the pleadings unless the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *H.J. Inc. v.*

*Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989); *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In determining the sufficiency of the complaint, consideration is limited to the factual allegations it contains. *Alonzo v. Chase Manhattan Bank, N.A.*, 25 F. Supp. 2d 455, 457 (S.D.N.Y. 1998) (*citing Valmonte v. Bane*, 18 F.3d 992, 998 (2d Cir.1994)).

### III. Hostile Work Environment Claim Under Title VII

#### A. Law

Title VII of the Civil Rights Act of 1964 provides for gender discrimination. In pertinent part it reads:

> [i]t shall be an unlawful employment practice of an employer . . . to . . . discriminate against any individual with respect to . . . conditions, or privileges of employment, because of such individuals . . . sex[.]

42 U.S.C. § 2000e–2(a)(1). "[S]exual harassment in the workplace violates Title VII's broad rule of workplace equality." *Karibian v. Columbia Univ.*, 14 F.3d 773, 777 (2d Cir.1994) (internal quotation marks omitted); *see Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 66 (1986).

Plaintiff's discrimination and sexual harassment claims against NED Management are advanced under a hostile work environment theory. *See, e.g., Torres v. Pisano*, 116 F.3d 625, 630 (2d Cir. 1997); *Carrero v. New York City Housing Authority*, 890 F.2d 569, 577 (2d Cir. 1989). To state an actionable claim, plaintiff must establish that: (1) "the harassment was 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment,'" and (2) "a specific basis exists for imputing the conduct that created the hostile environment to the employer." *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 149 (2d Cir. 1997); *see Oncale v. Sundowner Offshore Serv., Inc.*, 523 U.S. 75, 78 (1998); *Kotcher v. Rosa and Sullivan Appliance Center, Inc.*, 957 F.2d 59, 63 (2d Cir. 1992).

Whether offensive conduct "is 'hostile' or 'abusive' depends on the totality of circumstances." *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 767–68 (2d Cir. 1998). Factors considered in deciding hostility include: "'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Id.* at 767–68 (*quoting Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)).

Required for a hostile work environment claim is "a specific basis . . . for imputing the conduct that created the hostile environment to the employer." *Perry*, 115 F.3d at 149; *Karibian*, 14 F.3d at 780 ("[A] plaintiff seeking to establish harassment under a hostile environment theory must demonstrate some specific basis to hold the employer liable for the misconduct of employees."). Central to this inquiry is the status of the harasser. Where he is a "supervisor" an employer may be vicariously liable for his unlawful conduct. *See Vance v. Ball State Univ.*, 133 S. Ct. 2434, 2439 (2013). For Title VII purposes, an employee is a "supervisor" if he is empowered "to take tangible employment actions against the victim, i.e., to effect a 'significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'" *Id.* at 2443.

"If the harassing employee is the victim's co-worker, the employer is liable only if it was negligent in controlling working conditions." *Id.* at 2434. The employer is not liable unless it either (1) provided no reasonable avenue for complaint, or (2) knew of the harassment and did nothing about it. *See, e.g., Perry*, 115 F.3d at 149; *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1305 (2d Cir. 1995); *Karibian*, 14 F.3d at 780. The reasonableness of the employer's response may

vary based on the nature of the harassment. *See, e.g., Kotcher*, 957 F.2d at 63 ("[N]ot every response to a complaint [of sexual harassment] should take the form of a discharge[.]").

## B. Application of Law to Facts

Plaintiff has alleged sufficient facts to impute harassing conduct creating a hostile work environment to NED Management. She reported harassment by Jacob to her supervisors. Instead of properly investigating, they berated her and retaliated against her. Compl. ¶¶ 23-25.

As pled, the three incidents of sexual harassment by Jacob, followed by retaliation and mistreatment by plaintiff's superiors, are sufficiently severe, continuous, and concerted to withstand defendant's Rule 12(c) motion. *See Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) ("[A] plaintiff need only plead facts sufficient to support the conclusion that she was faced with 'harassment . . . of such quality or quantity that a reasonable employee would find the conditions of her employment altered for the worse, . . . we have repeatedly cautioned against setting the bar too high' in this context." (*quoting Terry v. Ashcroft*, 336 F.3d 128, 148 (2d Cir.2003))); *see also Harris*, 510 U.S. at 23.

Plaintiff's allegations sustain a claim of vicarious liability against NED Management. The complaint implies that Jacob could take "tangible employment actions" against her. *Vance*, 133 S. Ct. at 2443. While there is no direct indication that he had authority over her hiring, firing, promotions, compensation, or benefits, the statement that Jacob is a manager and husband to the mother of the owner is sufficient. *Id.* The jury could reasonably find that the marital relationship included a strong influence by the husband on his wife and her son, the owner of the family company, equivalent to supervisory power. Based upon subtleties of the relationship and the nature of the business, the natural concern for the success of a family member can support that conclusion. Plaintiff also contends that Jacob had authority to control her job assignments.

5

*See* Hr'g Tr. 11. The complaint is deemed amended to claim that Jacob was a supervisor. *See* Hr'g Tr. 10:15-11:17.

Plaintiff alleges facts sufficient to state a claim that NED Management was "negligent in controlling working conditions." *Vance*, 133 S. Ct. 2434. "An employer is negligent with respect to sexual harassment if it knew or should have known about the conduct and failed to stop it." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 759 (1998). Plaintiff concedes that she did not report Jacob's alleged misconduct to anyone at NED Management until "immediately following" the third and final incident of sexual harassment. Compl. at ¶ 26; Pls. Mem. in Opp. to Defs. 12(C) Mot. at 9, ECF No. 33. There is no indication that NED Management should have anticipated that plaintiff would become a victim of sexual harassment before she reported Jacob. Once NED Management knew of Jacob's alleged harassing conduct, "the law impose[d] . . . a 'duty to take reasonable steps to eliminate it.'" *Torres*, 116 F.3d at 636. An employer should, at a minimum, promptly investigate such allegations and take effective steps to ensure that misconduct does not recur. The complaint alleges that NED Management not only failed to take remedial action, but docked plaintiff's pay and "berated and degraded" her for lodging the complaint.

Accepting plaintiff's factual allegations as true and drawing all reasonable inferences in her favor, plaintiff has alleged facts sufficient to impute a hostile work environment to NED Management.

## IV. Conclusion

Defendant's motion to dismiss plaintiff's First Claim for Relief against NED Management, Inc. is denied.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: February 11, 2014
Brooklyn, New York